Filed 7/14/21  P. v. Denson CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B306605 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA377814) |
| v. | |
| MARCUS DENSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Charlaine F. Olmedo, Judge.  Reversed and remanded.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Toni R. Johns Estaville, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## MEMORANDUM OPINION

In 2013, Marcus Denson pled guilty to two counts of attempted murder and one count of voluntary manslaughter with gang enhancements.  On January 14, 2016, he was sentenced to a determinate term of 25 years and eight months.  At the time of his crimes in 2010, he was 18 years old.

In November 2019, Denson filed a motion for a youth offender proceeding pursuant to Penal Code section 1203.01[1] and *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).  The trial court denied it for three reasons:  (1) Denson's guilty plea "waived" his right to a *Franklin* proceeding and he was not permitted to "trifle with the courts by attempting to better his bargain"; (2) Denson was given a determinate sentence, so he was "not entitled to a *Franklin* hearing on the merits"; and (3) the motion was untimely because Denson "failed to explain and justify the significant delay in seeking habeas relief," which the court measured as the time between Denson's 2013 guilty plea and 2016 sentencing and his 2019 *Franklin* motion.

Denson appeals the denial of his motion.  The Attorney General concedes the trial court erred by denying the motion and Denson is, in fact, entitled to a *Franklin* proceeding.  We agree with the parties and reverse.[2]

---

[1]  Undesignated statutory citations refer to the Penal Code.

[2]  Denson contends our standard of review is abuse of discretion, citing *People v. Sepulveda* (2020) 47 Cal.App.5th 291, 300–301.  True, the trial court "may 'exercise its discretion to conduct [the *Franklin*] process efficiently.' " (*In re Cook* (2019) 7 Cal.5th 439, 459 (*Cook*).)  But the trial court denied Denson's request without initiating the *Franklin* process.  The trial court's

Effective January 1, 2014, former section 3051, subdivision (b)(1) provided that a defendant who was younger than 18 years old at the time of the offense and received a determinate sentence "shall be eligible for release on parole at a youth offender parole hearing by the board during his or her 15th year of incarceration, unless previously released pursuant to other statutory provisions." (Stats. 2013, ch. 312, § 4.) This provision was amended effective January 1, 2016 to extend to offenders younger than 23 years old at the time of the offense. (Stats. 2015, ch. 471, § 1.) As of January 1, 2018, the current version of the statute sets the age of eligibility at 25 years old or younger. (§ 3051, subd. (b)(1); Stats. 2017, ch. 675, § 1.) At this youth offender parole hearing, the Board of Parole Hearings "shall give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

In May 2016, our high court decided *Franklin.* It gave youth offenders a chance to " 'put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing' " and "authorized [trial courts] to receive 'any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at [the youth offender's] eventual youth offender parole hearing.' " (*Cook, supra,* 7 Cal.5th at p. 446, quoting *Franklin, supra,* 63 Cal.4th at p. 284.)

---

denial was legally incorrect, so we would reverse under any standard of review.

In June 2019, our high court decided *Cook*, which extended the right to a *Franklin* proceeding to youth offenders whose judgments are final. Instead of filing a habeas petition, *Cook* held a youth offender may request a post-judgment *Franklin* proceeding by filing a "motion in superior court under the original caption and case number, citing the authority of section 1203.01" and the decision in *Cook*. (*Cook, supra,* 7 Cal.5th at p. 458.)[3]

Denson was 18 years old at the time of his offenses and received a determinate sentence, so he is eligible for a youth offender parole hearing in the 15th year of his incarceration. (§ 3051, subd. (b)(1).) No evidence was presented at his sentencing hearing related to his youth, which was held only two weeks after section 3051 was amended to include offenders like Denson under the age of 23 and several months before *Franklin* was decided. The Attorney General concedes Denson is entitled to a *Franklin* proceeding now, and we accept that concession. Although Denson's judgment is final, he followed the procedure set forth in *Cook* by filing a motion requesting a *Franklin* proceeding and citing section 1203.01 and *Cook*. (*Cook, supra,* 7 Cal.5th at p. 451.)

---

[3] Section 1203.01, subdivision (a) provides in relevant part, "Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner."

None of the reasons given by the trial court justified denying Denson's motion. First, his motion does not attack the validity of his sentence, so he did not "waive" the right to a *Franklin* hearing by pleading guilty. (*Cook, supra,* 7 Cal.5th at p. 451 ["[A] *Franklin* proceeding is unrelated to the validity of the defendant's sentence. Neither the entitlement to a youth offender parole hearing, nor the evidence preservation process 'disturb[s] the finality of state convictions.' "].) Also, Denson pled guilty before the enactment of sections 3051, subdivision (b)(1) and 4801, subdivision (c) and the decision in *Franklin*, so he could not have knowingly waived his right to a *Franklin* proceeding. (See *People v. Castellanos* (2020) 51 Cal.App.5th 267, 272 [plea cannot knowingly waive error based on post-plea change in law].)

Second, although Denson received a determinate sentence, he is statutorily entitled to a parole hearing during his 15th year of incarceration. (§ 3051, subd. (b)(1).) He is eligible for a *Franklin* proceeding to present evidence for that purpose.

Third, Denson's *Franklin* motion is not a habeas petition, so it was not untimely for that reason. Denson is "not seeking release. Nor does he challenge the jurisdiction of the court or the validity of the proceedings that led to his now final judgment and sentence." (*Cook, supra,* 7 Cal.5th at p. 457.) He followed the "proper avenue" outlined in *Cook* for defendants whose judgments are final by filing a motion under the original case caption and citing section 1203.01 and *Cook*. (*Cook, supra,* at p. 458.) He filed his motion just under six months after *Cook* was decided, which affirmed the right of a defendant like Denson to request a post-judgment *Franklin* proceeding. Under the circumstances, Denson's delay was not enough to deny his

5

motion.  (Cf. *People v. Medrano* (2019) 40 Cal.App.5th 961, 968 [denying *Franklin* request on direct appeal because sentencing occurred one and one-half years after *Franklin* was decided, but allowing defendant to file *Franklin* motion pursuant to *Cook*].)

On remand, the trial court must follow the procedures outlined in *Franklin* and *Cook*:  "The structure of the proceeding is outlined in *Franklin, supra,* 63 Cal.4th at page 284, and further informed by the youth-related factors set forth in section 4801, subdivision (c).  The proceeding is not limited to the filing of statements referenced in section 1203.01.  Rather, consistent with *Franklin* and the court's inherent authority, the offender shall have the opportunity to 'place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors.' (*Franklin,* at p. 284.)  [¶]  Although *Franklin* mandates an opportunity for evidence preservation, the trial court may 'exercise its discretion to conduct this process efficiently, ensuring that the information introduced is relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations.' " (*Cook, supra,* 7 Cal.5th at pp. 458–459.)

## DISPOSITION

The order is reversed. The matter is remanded with directions to the trial court to grant Denson's motion and conduct a *Franklin* proceeding under the authority of section 1203.01 and the decision in *Cook*. The trial court is directed to appoint counsel to Denson for the purpose of the *Franklin* proceeding. (§ 3041.7; *Cook, supra,* 7 Cal.5th at p. 459.)


OHTA, J.*

We Concur:


GRIMES, Acting P. J.


WILEY, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.